ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ÁNGEL MARTÍNEZ REYES<br><br>PETICIONARIO<br><br><br>V.<br><br><br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDA | KLRA202300542 | *REVISIÓN JUDICIAL* procedente de Gobierno de Puerto Rico, Junta de Libertad Bajo Palabra<br>_____<br>Caso Número: 147489<br>Confinado Número: 1-701567<br><br>_____<br>SOBRE: No Concesión del Privilegio de Libertad Bajo Palabra-Volver a Considerar |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

## S E N T E N C I A[1]

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece ante nos, por derecho propio, el Sr. Ángel Martínez Reyes (señor Martínez Reyes o Peticionario) y solicita que revisemos una *Resolución* emitida por la Junta de Libertad Bajo Palabra (en adelante Junta) el 20 de junio de 2023, archivada en autos el 3 de julio de 2023. Por medio del referido dictamen, la Junta determinó que el señor Martínez Reyes no cualificaba para beneficiarse del privilegio de libertad bajo palabra.

Examinado el recurso presentado, así como el derecho aplicable, acordamos desestimarlo por **falta de jurisdicción**.

-I-

El 7 de junio de 2023, la Junta celebró una vista para la consideración del peticionario al privilegio de libertad bajo palabra. Así pues, el señor Martínez Reyes compareció

_____

[1] Conforme a la *Resolución* emitida por la Junta el 20 de junio de 2023, el caso del señor Ángel Martínez Reyes volverá a ser considerado para el privilegio de libertad bajo palabra en enero de 2024.

desde la Institución Correccional de Ponce Principal, mediante el sistema de videoconferencia. Además, compareció a la vista el técnico de servicios sociopenales, Dimas Torres Sánchez.

Así las cosas, el 20 de junio de 2023, la Junta emitió una *Resolución* mediante la cual esbozó las siguientes determinaciones de hechos:

1- El peticionario está clasificado en custodia mínima desde el 11 de junio de 2019.
2- El peticionario extingue sentencia de ciento catorce (114) años por Asesinato en primer grado e Infracción a la Ley de Armas.
3- Al peticionario le fue realizada la toma de muestra de ADN el 28 de marzo de 2007.
4- El peticionario cuenta con las terapias de Trastornos Adictivos desde el 9 de septiembre de 2003.
5- El peticionario completó las terapias psicológicas de Aprendiendo a Vivir sin Violencia el 26 de junio de 2003 de la Sección del Programa de Evaluación y Asesoramiento (SPEA). Cuenta con evaluación psicológica de 28 de agosto de 2020. Conforme a los hallazgos de la evaluación psicológica realizada al peticionario el 10 de junio de 2003, requerimos que este le sea realizada una evaluación psiquiátrica por Salud Correccional, que incluya diagnósticos y si amerita tratamiento farmacológico.
6- El peticionario no propuso oferta de empleo. Sin embargo, este está exento de este requisito debido a que cuenta con más de sesenta (60) años de edad.
7- El peticionario no propuso amigo consejero. Sin embargo, este está exento de este requisito debido a que cuenta con más sesenta (60) años de edad.
8- El peticionario propuso residir en el hogar de su hermana, María Martínez Reyes en Toa Baja. Sin embargo, de la investigación realizada en la comunidad surgió que este hogar no resultó viable. El peticionario deberá someter otro hogar.

Conforme a lo anterior, la Junta determinó que el señor Martínez Reyes no cumplió con los requisitos para ser elegible para el beneficio de libertad bajo palabra. Ello, debido a que el peticionario no propuso oferta de empleo, ni amigo consejero y el hogar propuesto para residir no resultó viable, así como otros factores. Sin embargo, la Junta indicó

en su *Resolución* que el caso del señor Martínez Reyes volverá a ser considerado para el privilegio de libertad bajo palabra en enero del 2024.

Finalmente, en lo pertinente al presente caso, en dicho dictamen se apercibió al peticionario de lo siguiente:

> "La parte afectada por la presente Resolución, podrá radicar ante la Junta, una Reconsideración de la misma, dentro del plazo de veinte (20) días contados a partir de la fecha en que fue notificada. Dicha solicitud de Reconsideración deberá presentarse por escrito, consignando claramente la palabra Reconsideración como título y así como también en el sobre de envío.
>
> […]
>
> De no optar por el procedimiento de Reconsideración ante la Junta, la parte afectada podrá, dentro del término de treinta (30) días contados a partir de la fecha del archivo en autos de esta Resolución, presentar un recurso de revisión judicial ante el Tribunal de Apelaciones."

No surge del expediente que el recurrente haya solicitado una reconsideración de la resolución emitida por la Junta.[2]

Finalmente, el 18 de octubre de 2023, el señor Martínez Reyes presentó el recurso ante nuestra consideración. En síntesis, alegó que la Junta no consideró otros recursos que existen en la comunidad para determinar su elegibilidad al programa de libertad bajo palabra.

Luego de examinar el expediente ante nuestra consideración, estamos en posición de resolver.

---

[2] El recurrente hizo formar parte del presente recurso los siguientes documentos: (a) la portada de un sobre titulado "Reconsideración"; (b) un Recibo de Formulario o Correspondencia dirigido a la Junta de Libertad Bajo Palabra con fecha de 2 de agosto de 2023; (c) un Recibo de Formulario o Correspondencia dirigido a la Lcda. Aixa Pérez Mink con fecha de 21 de septiembre de 2023; (d) un escrito titulado *Moción de Reconsideración,* **sin evidencia alguna de si fue presentado o no;** (e) una *Resolución* emitida por la Junta de Libertad Bajo Palabra el 20 de junio de 2023; (f) un Acuerdo del Comité de Clasificación y Tratamiento con fecha de 21 de julio de 2023 y; (g) una Escala de Reclasificación de Custodia.

## -II-

## A. Jurisdicción

Según ha expresado el Tribunal Supremo de Puerto Rico, resulta indispensable que los recursos apelativos se perfeccionen según lo exige la ley y el Reglamento de este Tribunal.[3] Las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante la consideración del Tribunal Supremo y el Tribunal de Apelaciones.[4]

Es norma reiterada, que el comparecer por derecho propio, por sí solo, no justifica el incumplimiento con las reglas procesales.[5] Por tanto, el incumplimiento con las normas jurídicas pertinentes para la presentación y perfeccionamiento del recurso ante nuestra consideración nos priva de jurisdicción para atenderlo.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[6] Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional.[7] Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción.[8]

Así pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados

---

[3] *Lugo Rodríguez v. Suárez Camejo*, 165 DPR 729, 737 (2005); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).
[4] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *DACO v. Servidores Públicos Unidos*, 187 DPR 704, 707 (2013); *M-Care Compounding v. Dpto. de Salud*, 186 DPR 159, 176 (2012).
[5] *Febles v. Romar Pool Construction*, 159 DPR 714, 722 (2003).
[6] *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018). Véanse, además: *Yumac Home v. Empresas Massó, supra*; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[7] *Id.*, pág. 268; *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al., supra*, pág. 457; *Cruz Parrilla v. Depto. Vivienda, supra*, pág. 403.
[8] *Id.*; *Cordero et al. v. ARPe et al., supra*, pág. 457.

con ésta son privilegiados y deben atenderse de manera preferente.[9] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[10]

En consonancia, constituye norma reiterada el de la importancia de cumplir con los términos, debido a que un recurso presentado de modo prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre.[11] En consecuencia, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo.[12]

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones disponen lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[13]

## -III-

Luego de analizar el recurso ante nuestra consideración, concluimos que el peticionario presentó tardíamente el mismo. Veamos.

---

[9] *Id.; Mun. de San Sebastián v. QMC Telecom, supra*, pág.660; *Horizon v. Jta. Revisora, RA Holdings, supra,* pág.234; *Cordero et al. v. ARPE et al., supra*, pág.457.
[10] *Id.; Shell v. Srio. Hacienda, supra,* pág. 123; *Yumac Home v. Empresas Massó, supra,* pág. 103; *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005).
[11] *Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007).
[12] *Rodríguez v. Segarra*, 150 DPR 649 (2000).
[13] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

En el presente caso, el señor Martínez Reyes alegó que presentó una reconsideración ante la Junta. Sin embargo, **no surge del expediente evidencia alguna que indique que el escrito de reconsideración fue presentado por el peticionario**. A pesar de que el señor Martínez Reyes incluyó en su recurso de revisión una copia de un escrito titulado *Moción de Reconsideración*, dicho escrito no aparece ponchado y tampoco encontramos evidencia en el expediente que indique que el mismo fue presentado. Siendo ello así, esta Curia está impedida de tomar como cierto el hecho de que una reconsideración haya sido presentada. Por lo cual, **el término de treinta (30) días para solicitar revisión judicial comenzó a contar desde que la *Resolución* emitida por la Junta fue archivada en autos, a saber: el 3 de julio de 2023.**

Aquí, la Junta emitió una *Resolución* el 20 de junio de 2023, la cual fue archivada en autos el 3 de julio de 2023. Es decir, el peticionario tenía hasta el 3 de agosto de 2023, para presentar el recurso de revisión judicial ante este Tribunal de Apelaciones. No obstante, el recurso de revisión ante nuestra atención fue presentado el 18 de octubre de 2023. En otras palabras, el señor Martínez Reyes presentó el recurso ante nos tardíamente. En consecuencia, estamos impedidos de acoger el presente recurso por falta de jurisdicción.

-IV-

Por los fundamentos antes expresados, se **desestima** el recurso de revisión judicial por falta de jurisdicción.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones